UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Philadelphia Division

| | |
|---|---|
| IN RE:<br><br>ANDRENITA HADDAD<br><br>Debtor | Chapter 13<br>Case No. 25-13632-PMM |
| ALLY BANK<br><br>Movant<br><br>v.<br><br>ANDRENITA HADDAD<br>(Debtor)<br><br>KENNETH E. WEST<br>(Trustee)<br><br>Respondents | Hearing Date: August 26, 2026 @ 1:00 PM<br><br>Response Deadline: August 19, 2026 |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) AND FOR ENTRY OF ORDER WAIVING THE PROVISION OF FED. R. BANKR. P. 4001(a)(4)**

NOW COMES Ally Bank, a secured creditor in the above-captioned bankruptcy case, by its counsel, Orlans Law Group PLLC, as and for a motion pursuant to 11 U.S.C. § 362(d)(1) and Fed. R. Bankr. P. 4001(a)(4), seeking an Order granting relief from the Automatic Stay in order to obtain possession and dispose of its collateral, namely one 2020 Nissan Rogue and states the following as grounds therefore:

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(b) and § 157(a) and 11 U.S.C. § 362(d). Upon information and belief, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2. On September 10, 2025, the Debtor, above-named, filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code in the Eastern District of Pennsylvania.

3. Ally Bank (the “Creditor”) is a secured creditor and the holder of a duly perfected security interest in one (1) 2020 Nissan Rogue VIN No. JN8AT2MVXLW103851 (the "Vehicle") pursuant to a Retail Installment Contract (the “Contract”), a retail installment contract between the Debtor and CarMax (the “Seller”), entered into on April 10, 2025, whereby the Debtor agreed to pay a total of $35,369.25 in 75 monthly payments of $471.59 each in connection with the purchase of the Vehicle. Thereafter, pursuant to its terms, the Contract was duly assigned by the Seller to Ally Bank and the latter is now the holder and owner of the same. The Vehicle is owned by, and upon information and belief is in the possession and control of the Debtor. True and correct redacted versions of the Contract and Proof of Lien Perfection are attached as Exhibits “A” and “B”, respectively.

4. Pursuant to 11 U.S.C. § 362(d)(1), upon request of a party in interest, the Court shall grant relief from the automatic stay for cause, including lack of adequate protection of an interest in property of such party in interest.

5. As of July 1, 2026, the net total balance due on the obligation to Creditor was $20,686.64.

6. As of July 1, 2026, the Debtor is in default of the payment obligations to the Creditor pursuant to the terms and conditions of the Contract/Lease as follows:

a. The post-petition monthly payment is $471.59;

b. The last post-petition monthly payment of $471.59 was received by the Creditor on May 6, 2026;

c. Contractual arrears are due in the amount of $3,298.89 which includes $3,283.72 for the months of January 25, 2026 through July 25, 2026, together with $15.17 in pre-petition arrears;

d. The next post-petition post-petition payment of $471.59 is due on August 25, 2026; and

e. The foregoing does not represent any amount which may be due for costs and attorneys' fees as may be allowed by the Court.

7. That Creditor has ascertained that the clean retail value of the Vehicle is $15,750.00 based on J.D. Power Used Car Guide's estimated value of the Vehicle estimated value of the Vehicle. A copy of the J.D. Power Guide for valuation of the Vehicle is attached hereto as Exhibit "C."

8. Upon information and belief, there is no other encumbrance affecting the Vehicle, and there is no other collateral securing the indebtedness.

9. Upon information and belief, the Debtor continues to enjoy the use and possession of the Vehicle subjecting same to normal occupational wear and tear thereby causing of the Vehicle to depreciate in value. It is respectfully submitted that the continued use of the Vehicle shall eventually render it useless thereby causing Ally Bank irreparable damage to its interests in same.

10. It is respectfully asserted that the Creditor's interest in the Vehicle will not be adequately protected if the automatic stay is allowed to remain in effect.

11. Accordingly, sufficient cause exists to grant the Creditor relief from the automatic stay.

12. The Creditor is also entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(2) because Debtor has no equity in the Vehicle and the Vehicle is not necessary for an effective reorganization.

WHEREFORE, the Creditor, Ally Bank, respectfully requests that the Court issue an Order, pursuant to 11 U.S.C. §362(d), either:

a. Granting the Creditor relief from the automatic stay in order to obtain possession and dispose of the Vehicle, the entry of which order shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(4); and

b. For such other and further relief as the Court may deem just and proper.

Date: July 30, 2026

Respectfully Submitted,

*/s/ Garrett M. Wilson*______________
Elizabeth A. Trachtman, Esq. PA 333427
Garrett M. Wilson, Esq. PA 338633
Michele M. Bradford, Esq. PA 69849
Orlans Law Group PLLC
Attorney for Ally Bank
200 Eagle Road, Bldg 2, Suite 120
Wayne, PA 19087
(484) 367-4191
Email: etrachtman@orlans.com
gwilson@orlans.com
mbradford@orlans.com
File Number: 26-007068